IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PATRICK D. DEMPSEY, | ) | No. C 10-5815 JSW (PR) |
| Plaintiff, | ) | **ORDER OF DISMISSAL** |
| v. | ) | |
| ALICE LAI-BITHER, et al., | ) | |
| Defendants. | ) | |

## INTRODUCTION

Plaintiff Gregory Ahern, an inmate at the Alameda County Jail proceeding pro se, filed this civil rights complaint under 42 U.S.C. § 1983 against the Sheriff and the members of the Alameda County Board of Supervisors. He has been granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, the complaint is DISMISSED for failure to state a cognizable claim for relief.

## DISCUSSION

I. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

II.     Legal Claims

Plaintiff alleges that Defendants, the Sheriff of the Alameda County Jail and members of the Alameda County Board of Supervisors, have promulgated rules and regulations at the county jail that prohibit drawing on and creating handicraft items from personal property. He alleges that pursuant to this policy, he had a cup, three pens, colored pencils and three handkerchiefs confiscated or destroyed because they had been used to make artistic or handicraft items. Plaintiff claims that this violates "inmates' right to make better use of their time while incarcerated by the participation in artistic endeavors." (Petition at 3). Plaintiff cites no constitutional right, or other federal law, and the Court is not aware of any, to engage in artistic endeavors while in prison or for

|   |   |
|---|---|
| 1 | inmates to "make better use of their time."  *Cf. Hoptowit v. Ray*, 682 F.2d 1237, 1254-55 |
| 2 | (9th Cir. 1982) (there is no constitutional right to a job or rehabilitation in prison); *see* |
| 3 | *also Capps v. Atiyeh*, 559 F. Supp. 894, 908 (D. Or. 1982) (idleness caused by lack of |
| 4 | jobs in prison does not violate the Eighth Amendment).  In the absence of any federally |
| 5 | protected right to engage in artistic endeavors while in prison, Plaintiff's allegations do |
| 6 | not state a cognizable claim for relief under Section 1983. |

### CONCLUSION

This case is DISMISSED for failure to state a cognizable claim for relief.

The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: February 15, 2011

*/s/ Jeffrey S. White*

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK D DEMPSEY et al,<br><br>    Plaintiff,<br><br>  v.<br><br>ALICE LAI BITHER et al,<br><br>    Defendant. / | Case Number: CV10-05815 JSW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 15, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Patrick D. Dempsey
AYC470
5325 Broder Blvd.
Dublin, CA 94568

Dated: February 15, 2011

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk